# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL UNTERBERG,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-410** |
| **v.** | : | **(JUDGE MANNION)** |
| **JUSTIN MAGLUILO, JUSTIN SWARTZ and JEFFREY SYRACUSE,** | : | |
| | : | |
| **Defendants** | | |

## <u>MEMORANDUM</u>

Pending before the court is the partial motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), filed by defendants Justin Magluilo ("Magluilo") and Justin Swartz ("Swartz") (collectively "PSP defendants"), (Doc. 7), with respect to Counts One and Two of the complaint, (Doc. 1), filed by plaintiff Samuel Unterberg. Also pending is the amended Rule 12(b)(6) motion to dismiss Counts One, Two and Three of plaintiff's complaint filed by defendant Jeffrey Syracuse.[1] (Doc. 23). Plaintiff basically claims that that he was falsely arrested by Pennsylvania State Police ("PSP") Troopers Swartz and Magluilo, that the troopers subjected him to malicious prosecution, since

---

[1]Since Syracuse filed an amended motion to dismiss all three Counts of plaintiff's complaint, (Doc. 23), which supersedes his original partial motion to dismiss, (Doc. 22), his original motion will be dismissed as moot.

there was no probable cause, and that the troopers used excessive force on him during his arrest in violation of his 4th and 14th Amendment rights. Plaintiff alleges that Syracuse is the owner of Syracuse Auto Body located in Kresgeville, Pennsylvania, and is the cousin of Magluilo. Plaintiff alleges that Syracuse and Magluilo conspired to violate his constitutional rights by trying to extort him to pay money so that Magluilo would not file charges against him falsely accusing him of stealing a turbocharger from one of Syracuse's trucks. Plaintiff brings his constitutional claims under 42 U.S.C. §1983.

In their motion, PSP defendants argue that they are entitled to dismissal of two of plaintiff's 4th Amendment claims, malicious prosecution and false arrest, since there was sufficient probable cause to arrest plaintiff after Syracuse told police that plaintiff stole his turbocharger. Thus, PSP defendants contend that they cannot be held liable on the two counts related to plaintiff's arrest and prosecution since they reasonably relied upon Syracuse's allegations regarding the theft. Syracuse moves to dismiss all claims against him claiming that he is not a state actor and that the two troopers are responsible for all of the alleged unconstitutional conduct. Syracuse also contends that he lacks sufficient personal involvement in plaintiff's claims.

2

As discussed below, the court will **DENY** PSP defendants' partial motion since plaintiff has stated cognizable constitutional claims against these defendants in Counts One and Two and, he is entitled to discovery with respect to his claims. The court will **DENY** Syracuse's motion with respect to Counts One and Two, but will **GRANT** his motion with respect to Count Three, to the extent this Count is deemed against him, for lack of any personal involvement with the excessive force claim.

## I.    BACKGROUND[2]

In his complaint filed on March 9, 2020, (Doc. 1), through counsel, plaintiff raises the following constitutional claims under §1983 against the defendants: false arrest against all three defendants in violation of his 4th and 14th Amendment rights, Count One; malicious prosecution against all three defendants, Count Two; and an excessive force claim seemingly against only PSP defendants, Count Three.[3]

_____

[2]Since the parties state the complete factual background of this case in their briefs, it will not fully repeat it herein.

[3]The court notes that plaintiff's reference to the Fourteenth Amendment in his Counts can be based on the incorporation doctrine, holding that "the Fourth Amendment and other provisions of the Bill of Rights apply on their face only to the federal government, and were incorporated against the states later by operation of the Fourteenth Amendment's Due Process

As relief in his complaint, plaintiff seeks compensatory and punitive damages. Plaintiff also seeks attorneys' fees under §1988.

Discovery has been commenced and the deadline is April 30, 2021.

On May 8, 2020, PSP defendants filed their partial motion to dismiss. (Doc. 7), and their brief in support with Exhibits was filed May 22, 2020. (Doc. 9, Docs. 9-1 & 9-2). On June 1, 2020, plaintiff filed his brief in opposition to PSP defendants' motion. (Doc. 10). PSP defendants file a reply brief on June 9, 2020. (Doc. 14).

On September 3, 2020, Syracuse filed his amended motion to dismiss. (Doc. 23).  He filed his brief in support on September 17, 2020, with Exhibits. (Doc. 25). Plaintiff filed his brief in opposition on September 24, 2020. (Doc. 26). No reply brief was filed.

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of his constitutional rights under the 4th and 14th Amendments of the U.S. Constitution. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

---

Clause." Williams v. Papi, 30 F.Supp.3d 306, 311 (M.D. Pa. 2014) (citation omitted).

## II.    DISCUSSION

Initially, since the parties state the correct legal standard with respect to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) in their briefs, the court does not fully repeat it herein. Suffice to say that dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the facts alleged must be sufficient to "raise a right to relief above the speculative level." *Id*. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citations omitted). To state a claim under §1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Id*. (citations omitted). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195,

1207-08 (3d Cir. 1988). *See also* <u>Sutton v. Rasheed</u>, 323 F.3d 236, 249 (3d Cir. 2003) (citing <u>Rode</u>).

In his claims under §1983 raised in Counts One and Two, plaintiff essentially alleges that all three defendants violated his 4th and 14th Amendment rights to be free from false arrest and malicious prosecution. Plaintiff alleges that Syracuse, Magluilo, and Swartz conspired to arrest and falsely charge him in order to coerce him to pay Syracuse money for a turbocharger they should have known he did not steal. Plaintiff states that on October 16, 2018, Swartz filed a criminal complaint against him charging him with theft by unlawful taking, receiving stolen property, theft from a motor vehicle, criminal mischief, defiant trespass, and simple trespass. *See* <u>Commonwealth v. Samuel Unterberg</u>.[4] Plaintiff further alleges that Swartz's affidavit of probable cause filed in support of his complaint contained several material omissions and misstatements. Plaintiff alleges that after the troper used excessive and unwarranted force during his arrest on October 16, 2018, Swartz and Magluilo brought him to the Monroe County Correctional Facility

---

[4]The court notes that the Monroe County Criminal Dockets for plaintiff, CP-45-CR-0002849-2018, can be found at http://ujsportal.pacourts.us. The court can take judicial notice of the Criminal Docket since it is an official court record.

where he remained detained until he was released on bail. Plaintiff also states that on May 10, 2019, he was acquitted of all charges following a jury trial.

In Count Three, plaintiff alleges that PSP defendants unlawfully used excessive force when they arrested him, which resulted in injuries, including a concussion. PSP defendants have not moved to dismiss Count Three. Syracuse moves to dismiss Count Three against him and since he is not alleged to be personally involved with using excessive force on plaintiff during his arrest, this Count will be dismissed to the extent it is raised against Syracuse.

## 1. PSP Defendants

The court will first address the motion to dismiss of PSP defendants.

PSP defendants argue that they are entitled to dismissal of plaintiff's claims for false arrest and malicious prosecution under 42 U.S.C. §1983 because his complaint fails to establish a lack of probable cause. PSP defendants base their motion on the following three contentions:

> First, Plaintiff has not satisfied his pleading burden because he has not pled any facts showing that it was plausible that the PSP Defendants lacked probable cause. Second, the facts actually alleged by Plaintiff and the judicially noticeable facts in the affidavit of probable cause affirmatively demonstrate that the PSP Defendants had probable cause. Third, the ruling of the criminal trial court denying Plaintiff's

7

motion for a judgment of acquittal establishes the existence of probable cause as a matter of law.

PSP defendants submitted as Exhibits copies of the criminal complaint filed against plaintiff along with the affidavit of probable cause, as well as the transcript from plaintiff's criminal trial, and argue that the constitutional claims plaintiff asserts against them in Counts One and Two should be dismissed since they had sufficient probable cause to arrest and charge him.

"The threshold question for each of [plaintiff's] Fourth Amendment claims [under §1983 for false arrest and malicious prosecution] is whether [defendants] had probable cause to arrest [him]." Lawson, 42 F.Supp.3d at 673 (citing James v. City of Wilkes–Barre, 700 F.3d 675, 680, 683 (3d Cir. 2012) (lack of probable cause is an element of a Fourth Amendment false arrest claim); Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007) (lack of probable cause is an element of a Fourth Amendment malicious prosecution claim); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (lack of probable cause is an element of a Fourth Amendment false imprisonment claim based on detention pursuant to an unlawful arrest).

Initially, to the extent PSP defendants argue that plaintiff's complaint fails to allege sufficient facts to plausibly state claims for false arrest and malicious prosecution against them, the court finds no merit to this argument.

Under the standard stated above, the court finds that plaintiff has alleged enough facts against PSP to state cognizable claims against them in Counts One and Two. Plaintiff is entitled to discovery on these claims to flesh out additional facts to support them.

Next, PSP defendants argue that plaintiff's claims for false arrest and malicious prosecution should be dismissed since his allegations and the evidence, namely, the affidavit of probable cause, show that he cannot prevail on all of the essential elements of these claims and that they had probable cause to criminally charge plaintiff. Defendants then proceed into a detailed analysis of facts they contend are undisputed to support their argument that they had probable cause to charge plaintiff with felony theft and related charges.

With respect to plaintiff's claims, in Washington v. Hanshaw, 552 Fed.Appx. 169, 172–73 (3d Cir. 2014), "the [Third Circuit] Court has held that, if a right to be free from prosecution absent probable cause exists, it must [] be grounded on the Fourth Amendment's prohibition on unreasonable searches and seizures." "[Plaintiff's] arrest and [1]–day pretrial detention are seizures within the meaning of the Fourth Amendment." Lawson, 42 F.Supp.3d at 676 (citing Schneyder v. Smith, 653 F.3d 313, 321–22 (3d Cir. 2011) ("When the state places constitutionally significant restrictions on a

person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding, that person has been seized within the meaning of the Fourth Amendment.")). Here, plaintiff alleges that he was taken to and detained in Monroe County Correctional Facility after he was arrested and remained there until he was released on bail.

It is well-settled that "[t]o prove malicious prosecution [under §1983, Count II] ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor*;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Piazza v. Lakkis, 2012 WL 2007112, *7 (M.D. Pa. June 5, 2012); Curry v. Yachera, 835 F.3d 373, 379-80 (3d Cir. 2016). "[A] claim for malicious prosecution 'permits damages for confinement imposed pursuant to legal process.'" Piazza, 2012 WL 2007112, *8 (citations omitted).  Further, "a claim for malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not prosecution itself.'" *Id*. (citations omitted).

Additionally, "[the] [m]alice [element] may be inferred from the absence of probable cause." Lawson, 42 F.Supp.3d at 674 n. 8 (citation omitted).

A false arrest claim under §1983, Count One, also has an element requiring that the plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under §1983, the court in Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008)*, stated:

> A claim under §1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D.Pa. 2001) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.* "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. Johnson, 477 F.3d at 75; *see also* Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also* Cummings v. City of Phila., 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for plaintiff to prevail on his malicious prosecution claim under §1983, he must satisfy each of the above stated elements. Kossler, 564 F.3d at 186. Further, "whether characterized as a false arrest, or couched in terms

of malicious prosecution, proof that probable cause was lacking is essential to any §1983 claim arising out of the arrest and prosecution of an individual." Price v. Zirpoli, 2016 WL 3876442, *5 (M.D. Pa. Jan. 20, 2016), adopted by 2016 WL 3876646 (M.D. Pa. July 15, 2016).

"[A]n arrest requires probable cause." Arditi v. Subers, 216 F.Supp.3d 544, 552 (E.D.Pa. 2016). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id*. (citations omitted). *See also* Lawson, 42 F.Supp. 3d at 673 ("An arrest was made with probable cause if 'at the moment the arrest was made ... the facts and circumstances within [the officers'] knowledge ... were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'" (citation omitted). "In conducting an inquiry into whether probable cause to arrest existed, a court should consider the totality of the circumstances presented, and 'must assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest.'" Price, 2016 WL 3876442, *5  (citing United States v. Stubbs, 281 F.3d 109, 122 (3d Cir. 2002)).

Further, "the probable cause standard does not turn on the actual guilt or innocence of the arrestee, but rather, whether the arresting officer reasonably believed that the arrestee had committed the crime." Arditi, 216 F.Supp.3d at 552. *See also* Lawson, 42 F.Supp. 3d at 674 ("In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime.") (citation omitted). Additionally, "the evidentiary standard for probable cause is significantly lower than that required for conviction." Price, 2016 WL 3876442, *5 (citation omitted).

Thus, "[i]f [defendants] had probable cause, then no constitutional violation took place [regarding plaintiff's claims for false arrest and malicious prosecution]." Lawson, 42 F.Supp. 3d at 673.

No doubt that "[g]enerally, the question of probable cause in a section 1983 damage suit is one for the jury", which "is particularly true where the probable cause determination rests on credibility conflicts." *Id*. (internal citations). "However, a district court may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding, and may enter summary judgment accordingly." *Id*. (citations omitted). It is the court's function "to determine whether the objective facts available to the officers at

the time of arrest were sufficient to justify a reasonable belief that an offense was being committed." <u>Price</u>, 2016 WL 3876442, *5 (citation omitted).

At the present stage of this case, and since discovery is almost complete, the court finds it premature to delve into the fact intensive inquiry which requires an in depth analysis of only a portion of the evidence to determine if PSP defendants had adequate probable cause to arrest and charge plaintiff. Nor can it be ignored that plaintiff also alleges that PSP defendants intentionally omitted material facts from the affidavit of probable cause in order to gain approval from the judge, and discovery is required on this issue. The court also finds that the probable cause determination will rest on credibility conflicts and that all of the evidence in this case is needed to determine if any genuine disputes of material fact exist as to whether PSP defendants, based on the objective facts available to them at the time of plaintiff's arrest, had probable cause to arrest plaintiff. *See* <u>Price</u>, 2016 WL 3876442, *5 ("an arrest is made with probable cause if at the moment it was made the facts and circumstances within the officer's knowledge 'were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'") (citation omitted). Defendants can file a motion for summary judgment, if appropriate, after discovery is complete and all of the relevant evidence is in the record.

Thus, PSP defendants' motion to dismiss plaintiff's false arrest and malicious prosecution claims, Counts One and Two, will be denied.

## 2. Defendant Syracuse

Syracuse is named as a defendant in Counts One and Two. He argues that these Counts should be dismissed against him since he did not act under color of state law because he "is a private citizen not engaged in law enforcement." Further, Syracuse argues that "the bald assertion that" he "conspired to extort money from Unterberg along with Troopers Magluilo and Swartz" is insufficient to state claims against him. Plaintiff responds by pointing out that private actors may be regarded as acting under color of state law pursuant to §1983. Plaintiff also contends that he raised specific factual allegations of a civil conspiracy between Syracuse and PSP defendants sufficient for his claims to procced.

"Generally, private actors do not act under color of state law, and therefore, are not liable under Section 1983." Greenberg v. Caesars Enter. Corp., 2016 WL 1106885, *7 (E.D. Pa. March 21, 2016). However, "[a] private actor such as [Syracuse] may only be liable under Section 1983 if [he] 'may fairly be said to be a state actor.'" *Id*.

As the court in Greenberg, *id*., explained:

> One way a private actor becomes liable under Section 1983 is if [he] willfully participates in a joint action or conspiracy with the state actor to deprive the plaintiff of a constitutional right. Under the joint action test, Plaintiff must point to evidence establishing that the state officials and private party "acted in concert" or had a "meeting of the minds" in effectuating a deprivation of Plaintiff's constitutional rights.

(internal citations omitted).

"The Third Circuit has established a two-part-inquiry for determining whether a private party may be deemed a state actor under the joint action test: '(1) the private entity has a 'prearranged plan' with the police officers, and (2) under the plan, the police officers will 'substitute their [own] judgment' with that of the private entity's.'" *Id*. (citations omitted). Further, "[t]his inquiry 'must be fact specific,' and must 'take into account the totality of the circumstances.'" *Id*. (citation omitted).

In this case, plaintiff is entitled to discovery to support his allegations that Syracuse had an understanding with PSP defendants, one of whom is alleged to be his cousin (i.e., Magluilo), to use their official powers in order to coerce him into paying for a turbocharger that they should have known he did not steal and to try and make him pay in excess of its true value. *See* Greenberg, *id*. ("At summary judgment, this means that Plaintiff must point to 'evidence from which one could infer that [Syracuse] and the [PSP Defendants] had an understanding or agreement to conspire against

16

[Plaintiff].”). (citation omitted). The court finds that in this case the fact specific inquiry requires the completion of discovery so that all of the evidence, based on "the totality of the circumstances", can be considered.

Plaintiff's 4th Amendment claims brought against Syracuse in Counts One and Two will fail if "the evidence does not support a finding that [Syracuse] participated in a joint action or conspiracy with the Pennsylvania State Police to violate Plaintiff's constitutional rights." *Id.* at *9. That is, Plaintiff [must] offer[] sufficient evidence that [Syracuse] and the Pennsylvania State Police had a pre-arranged plan whereby the police officers would substitute their own judgment for that of [Syracuse]." *Id*.

As in the Greenberg case, Syracuse's arguments in support of his motion to dismiss are more appropriately raised in a summary judgment motion once all of the evidence is in the record. For present purposes, as summarized in plaintiff's brief, (Doc. 26 at 3-6), plaintiff's complaint alleges more than sufficient facts to plausibly state his 4th claims against Syracuse in Counts One and Two. Although Syracuse, similar to PSP defendants, has attached Exhibits to his motion, including the criminal trial transcript from plaintiff's criminal case, the court declines at this stage to consider such evidence and all of the defendants will have the opportunity to re-submit their evidence with any summary judgment motion they chose to file.

Further, insofar as Syracuse argues that there was sufficient probable cause for PSP defendants to charge and arrest plaintiff, as discussed above, the court finds this contention is premature at the current posture of this case.

Thus, Syracuse's motion to dismiss regarding plaintiff's 4th Amendment claims against him in Counts One and Two will be denied.


## III.    CONCLUSION

PSP defendants' partial motion to dismiss, (Doc. 7), will be **DENEID** with respect to plaintiff's constitutional claims under §1983 in Counts One and Two of his complaint, (Doc. 1). Syracuse's amended motion to dismiss, (Doc. 23), Count Three will be **GRANTED** to the extent that this Count was raised against him. Syracuse's amended motion to dismiss, (Doc. 23), will be **DENIED** with respect to plaintiff's claims against him in Counts One and Two. Syracuse's original motion to dismiss, (Doc. 22), will be **DISMISSED AS MOOT**. An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE**: **March 24, 2021**
20-410-01