# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL UNTERBERG, | : | |
| Plaintiff | : | |
| v. | : | 3:CV-20-410 |
| JUSTIN MAGLUILO, *et al.*, | : | (Judge Mannion) |
| Defendants | : | |

## O R D E R

Presently before the court is the March 25, 2021 appeal filed by defendants Justin Magluilo and Justin Swartz ("PSP Defendants"), of Chief Magistrate Judge Mehalchick's March 11, 2021 Order regarding their discovery requests served on plaintiff Samuel Unterberg pursuant to Local Rule 72.2, M.D. Pa. (Doc. 49). PSP Defendants filed a brief in support of their appeal. (Doc. 50). Plaintiff filed his brief in opposition to the appeal. (Doc. 51). PSP Defendants filed their reply brief, (Doc. 52), and submitted Exhibits. Based on the following, PSP Defendants' appeal is **DENIED** as to PSP Defendants'' discovery requests for plaintiff's employment records, and **DENIED AS MOOT** as to plaintiff's criminal record.

1

Initially, since the court has stated the procedural and factual backgrounds of this case in its recent March 24, 2021 Memorandum, they are not repeated herein. (Doc. 47).

At issue are PSP Defendants' discovery requests for plaintiff's employment and earnings history, and plaintiff's criminal history. Specifically, PSP Defendants served plaintiff with a set of requests for the production of documents ("RFPs") and interrogatories on January 4, 2021. (Docs. 40-1 and 40-2). Regarding the instant appeal, the relevant requests are as follows: requests for (i) Plaintiff's employment and earnings history (RFPs 1 and 2, Interrogatories 1, 2, 7 and 8) and (ii) Plaintiff's criminal history (RFP 13 and Interrogatory 5). Plaintiff objected to these requests.

After conducting oral argument, Judge Mehalchick issued an Order on March 11, 2021, sustaining plaintiff's objections to the above requests made upon him by PSP Defendants. (Doc. 46).

Since Judge Mehalchick's Order pertained to a non-dispositive discovery issues, the matter is reviewed under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. §636(b)(1)(B). As the court in <u>Dobson v. Milton Hershey Sch</u>., 434 F.Supp.3d 224, 230-31 (M.D. Pa. 2020), explained:

Federal Rule of Civil Procedure 72 provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide .... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "Under [28 U.S.C. §636(b)(1)(A) and Rule 72], the district court is bound by the clearly erroneous rule in reviewing questions of fact, and it is not permitted to receive further evidence." In re Gabapentin Patent Litig., 312 F.Supp.2d 653, 661 (D. N.J. 2004) (citing Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotation marks omitted). "[T]he phrase 'contrary to law' indicates plenary review as to matters of law." *Id*. [*See also* Alarmax Distribs., Inc. v. Honeywell Int'l Inc., 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) ("A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." (citation omitted))].

The court will deny PSP Defendants' appeal as to their requests for plaintiff's employment and earnings history, and will deny as moot their appeal as to their requests for plaintiff's criminal history since their counsel has now obtained this information on his own.

No doubt that under Fed.R.Civ.P. 26(b)(1) discovery is broad. *See* Robert D. Mabe, Inc. v. Optum Rx, 2020 WL 4334976, at *1 (M.D. Pa. July 28, 2020) ("Because Rule 26(b)(1) provides for a broad scope of discovery, courts often apply liberal treatment to discovery rules."). Further, "[t]he scope and conduct of discovery are within the sound discretion of the trial court." *Id*.

3

PSP Defendants argue in their brief, (Doc. 50 at 5-7), their requests for plaintiff's employment and earnings history are relevant to their defense in this case. Further, PSP Defendants point out in their reply brief, (Doc. 52 at 3-4), that "Plaintiff testified during his criminal trial that he had fourteen years of mechanical expertise working on diesel engines and that it is was therefore reasonable for Plaintiff to have removed the turbo from the truck on Syracuse's property and brought to his home garage to perform repairs." (citing Doc. 9-2 at 121-131). PSP Defendants also point out that plaintiff testified at his criminal trial that "I have no intentions of stealing a turbo" and, that "I have three of them sitting in my garage." (Doc. 52 at 5) (citing Doc. 9-2 at 129 -130).

Thus, Defendants contend that since plaintiff alleges in his complaint that he is "a self-taught diesel mechanic" and that he was lawfully performing repairs on the Ford F-350 diesel truck parked at Syracuse's property when he removed the turbo and took it to his home garage, he has placed his employment at issue and they are entitled to discover if plaintiff was actually employed and earned income as a mechanic. Also, PSP Defendants contend that plaintiff's employment and earnings history is relevant to his intent and motive in removing the turbo from Syracuse's

property since he alleges that he did not intend to steal the turbo and only sought to repair it.

Since PSP Defendants filed the appeal at issue, "[they] must clear a high hurdle to compel this court to overturn a magistrate judge's decision of a non-dispositive pretrial matter." Nothstein v. USA Cycling, 337 F.R.D. 375, 384 (E.D. Pa. 2020). Further, "[t]he appealing party bears the burden of demonstrating that the magistrate [judge's] finding of fact is clearly erroneous or that her conclusion of law is contrary to law." *Id*. (citation omitted).

Notwithstanding how this court may have ruled on plaintiff's objections to PSP Defendants' discovery requests for plaintiff's employment and earnings history, the court finds that defendants have not met their burden and have not shown that Judge Mehalchick's findings of fact are clearly erroneous or that her conclusions of law are contrary to law. Judge Mehalchick heard extensive oral argument on the instant discovery disputes before issuing her Order. (Doc. 45). As plaintiff indicates, the information PSP Defendants seek relating to his employment and earnings history could have been found as irrelevant since he is not seeking economic

damages based on past or future earnings. Additionally, as plaintiff explains in his brief, (Doc. 51 at 8):

> Whether [he] earned money as a diesel mechanic or, like numerous young Americans, was a driveway taught tinkerer and mechanic, does not reflect on his credibility or veracity. Defendants are free to inquire of [plaintiff] during his deposition [and at trial] about his allegation that he is a "self-taught diesel mechanic," but his tax returns and similar information is simply not relevant to that inquiry or to his veracity.

Moreover, although PSP Defendants contend that plaintiff's financial documents are relevant to establish plaintiff's intent and motive in removing from the truck the turbo he was allegedly repairing, plaintiff maintains that nothing in his tax or wage documents shed any light on his intent or motive, and that this information is not relevant to any issues and does not relate to any legitimate defense defendants may have in this case. Further, the court notes that PSP Defendants have now filed their answer to the complaint and asserted five affirmative defenses. (Doc. 56).

Thus, the court finds that PSP Defendants have failed to meet their burden of "clearly erroneous" or "contrary to law" with respect to Judge Mehalchick's Order sustaining plaintiff's objections to their requests for

6

plaintiff's documents relating to his employment and earnings history, and will deny their appeal on this ruling.[1]

Next, PSP Defendants argue that that plaintiff's criminal history is relevant since "[i]f Plaintiff engaged in other unlawful acts related to the theft of motor vehicles or auto parts then the circumstances of those other acts may be relevant to Plaintiff's 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident' in removing the turbo from Syracuse's property in this case." Defendants cite to Fed.R.Evid. 404(b)(2) to support their contention.

Rule 404(b) permits the admission of evidence of prior crimes or bad acts if they are offered for an acceptable purpose, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". However, the court finds that PSP Defendants' requests for information related to plaintiff's criminal history no longer appears to be at issue.

Counsel for PSP Defendants has now obtained, on his own, documents regarding a subsequent arrest of plaintiff which he contends

---

[1] This determination does not preclude counsel from questioning the plaintiff concerning these matters at trial.

was "in connection with another incident in which Plaintiff admitted to being in possession of a stolen motorcycle and was present at an unlicensed garage in which multiple other motorcycles were dissembled and in pieces." (Doc. 52 at 2, Doc. 52-1). Thus, PSP Defendants' discovery requests related to plaintiff's criminal history appear to now be moot, and will be denied as such.

Finally, on April 1, 2021, counsel for plaintiff filed a letter request with the court to conduct a status conference with counsel about perceived "disparagement[s]" of him in the filings of counsel for PSP Defendants and alleged personal attacks impugning his integrity. (Doc. 53). The court will deny the request for a status conference. The court has reviewed the filings of the parties and, both counsel are reminded to choose their words carefully and to focus their arguments on the relevant facts and issues as opposed to making ad hominem attacks on opposing counsel.

Accordingly, PSP Defendants' appeal of Judge Mehalchick's March 11, 2021 discovery Order, **(Doc. 49)**, is **DENIED** with respect to plaintiff's employment and earnings history, (RFPs 1 and 2, Interrogatories 1, 2, 7 and 8). PSP Defendants' appeal, **(Doc. 49)**, is **DENIED AS MOOT** with

respect to plaintiff's criminal history, (RFP 13 and Interrogatory 5). Plaintiff Counsel's request for a status conference, **(Doc. 53)**, is **DENIED**.

*s/ Malachy E. Mannion*
Malachy E. Mannion
United States District Judge

**Dated: May 25, 2021**
20-410-08